E-FILED
Friday, 28 February, 2025  10:17:20 AM
Clerk, U.S. District Court, ILCD

## In The United States District Court for The Central District of Illinois

Plaintiff:    Allen McCray #K52575

**FILED**

FEB 2 7 2025

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Defendants:    Officer Jamar Range

Warden Tyrone L. Baker

Sgt. Oelberg

Sgt. Burford

Officer Trone

Lt. Martin L. Matherly

Officer John Doe

Officer Jane Doe

Nurse Alica Lewis

Nurse Practitioner Kramer

I.A. Officer Little

Warden Britany Greene

Officer John Doe 1

Officer John Doe 2

Officer John Doe 3

I.A. Lt. John Doe

I.A. Officer Gasko

Major Ford

This is a civil rights action filed by Allen McCray, a state prisoner, for damages & injunctive relief under 42 U.S.C. 1983, alleging excessive use of force. Denial of medical care in violation of the eighth amendment to the United States Constitution, confinement in segregation in violation of the due process clause of the Fourteenth Amendment to The Constitution. Deliberate indifference & the plaintiff also alleges the Torts of Assault & Battery & Negligence.

## Jurisdiction

1. The Court has Jurisdiction over the plaintiffs claims of violation of Federal Constitutional Rights under 42 U.S.C. 1331 (1) & 1343

2. The court has supplemental jurisdiction over the plaintiffs State Law Tort Claims under 28 U.S.C & 1367.

## Parties

3. The plaintiff was incarcerated at Henry Hill Correctional Facility during the events described in this complaint.

4. Defendant Tyrone L. Baker is the warden for security at Henry Hill Correctional Facility & oversees the supervision & discipline of all Correctional staff at said Facility. He is sued in his individual capacity.

5. Defendants Sgt. Oelberg, Sgt. Burford, Officer Trone & Lt. Matherly are all Correctional security staff at Henry Hill Correctional Facility. They are sued in their own individual capacity.

6. Defendant I. A. Officer Little is a Correctional officer employed at the Henry Hill Correctional Facility & is sued in his own individual capacity.

7. Defendant John Doe is a Correctional officer employed at the Henry Hill Correctional Facility whose name is presently unknown at this time. He is being sued in his own individual capacity.

8. Defendant Jane Doe is the medical administrator at Western Correctional Facility & is generally responsible for ensuring provision of medical care to prisoners & specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation. She is being sued in her individual capacity.

9. Defendant Alica Lweis is an RN employed at Henry Hill Correctional Facility. She is being sued in her own individual capacity.

10. Defendant Kramer is the nurse practitioner employed at Henry Hill Correctional Facility. She is being sued in her own individual capacity.

11. Defendant Britany Greene is warden for security at Western Correctional Facility & oversees the supervision & discipline of all Correctional staff at said Facility. She is being sued in her own individual capacity.

12. Defendants John Doe 1,2, & 3 are all Correctional officers employed at Western Correctional Facility whose names are presently unknown at this time is being sued in their own individual capacity.

13. Defendants Lt. John Doe are all Lieutenants employed at Western Correctional Facility whose names are presently unknown at this time, are being sued in their own individual capacity.

14. Defendant I.A. Gasko is a Correctional officer employed at Western Correctional Facility. He is being sued in his own individual capacity.

15. Defendant Major Ford is Major in charge of security staff at Henry Hill Correctional Facility. He is being sued in his own individual capacity.

## Facts

16. On March 28, 2023, plaintiff was forcefully handcuffed behind his back in disregard to plaintiff's double cuff permit because of a shoulder injury.

17. The plaintiff was excessively forced off unit R-3B using plaintiffs head to open 3 glass doors while hand cuffed behind plaintiffs back.

18. Plaintiff was taken to the restrictive housing unit on false disciplinary charges & denied medical treatment.

## Excessive Force

19. Sgt. Oelberg placed handcuffs behind plaintiffs back forcefully after the plaintiff telling Oelberg he has a double cuff permit due to a shoulder injury & the single cuff was causing massive pain.

20. During the time of the plaintiff telling Sgt. Oelberg of his double cuff permit & the pain he was causing, Oelberg radioed for help.

21. When help arrived, the plaintiff was single cuffed behind his back screaming in agony.

22. The plaintiff was trying to explain to the officers that came to help Oelberg that he has a double cuff permit & being single hand cuffed was causing massive pain to his shoulder.

23. While handcuffed behind plaintiffs back, Sgt. Burford stated "Fuck your permit, get the fuck off this unit" while man handling plaintiff with great force. Sgt. Burford & Officer Trone forced Plaintiff through 3 glass doors using plaintiff's head and force to open them.

24. This caused the handcuff to tighten up around Plaintiffs wrist so tight that it was cutting off the blood circulation and causing the handcuffs to cut into plaintiffs' skin.

25. This caused massive swelling to plaintiffs' wrist, bruising, leaving permanent nerve damage to plaintiff's hands, especially his right hand.

## Denial of Medical Care

26. The plaintiff was handed to Lt. Matherly by Sgt. Burford & Officer Trone after the excessive force was used against him.

27. The plaintiff explained to Lt. Matherly of the excessive force and that the cuffs were too tight, cutting off the blood circulation in his hands and that he had a double cuff permit due to the shoulder injury, and his wrists are hurting as well as his shoulder, and he needed medical attention.

28. Lt. Matherly disregarded plaintiffs request for medial attention and his double cuff permit, and just loosened the hand cuffs because he saw how the cuffs were cutting into plaintiff's wrist cutting off his circulation.

29. Lt. Matherly walked past the health with no attempt for the plaintiff to receive medical treatment.

30. Lt. Matherly walked plaintiff to Restrictive Housing & handed him to officer John Doe where he placed plaintiff in a holding cage.

31. While in holding cage, plaintiff saw nurse Alica Lewis where plaintiff then asked to speak with her.

32. Plaintiff was allowed to speak with Nurse Lewis by Officer John Doe.

33. This is when Plaintiff explained and showed Nurse Lewis the injuries he sustained, such as how the handcuffs cut into his wrist, how his hands were swollen like boxing gloves, and the knots he had on his head due to Officers using his face and head to open 3 glass doors.

34. Nurse Lewis looked at Plaintiffs injuries then said she would be back but never came back. She lied and put in Plaintiffs medical file that he had 0 swelling, 0 bruising, 0 abrasions, a little redness, all to cover up the excessive force. On February 13, 2024, almost a year later, Plaintiff was sent to an outside hospital for EMG and Plaintiff still has nerve damage in his hands and was prescribed a resting sling for when Plaintiff sleeps at night that he still has not received. Plaintiff still doesn't have feeling in his right hand.

35. This is when Nurse Practitioner Kramer came into Restrictive Housing while plaintiff was in the holding cage.

36. Plaintiff tried to show and tell Nurse Kramer the injuries he had sustained and that he was dizzy and lightheaded, in which she refused to see or talk to Plaintiff, stating "put in for a sick call", in which plaintiff did on March 29,2023, March 31,2023, April 2,2023 and April 4, 2023 & wasn't seen until April 6th or 7th, 2023.

37. This is when Defendant John Doe opened the holding cage door and gave Plaintiff a chair to sit in, so Plaintiff won't fall out due to dizziness.

38. Plaintiff refused to leave the holding cage until he got some medical treatment. Instead of Officer John Doe calling to get Plaintiff Medical treatment, he called Major Ford.

39. Major Ford came and Plaintiff explained the events of this complaint. Major Ford refused to give Plaintiff and Medical Assistance.

40. Instead, Major Ford threatened Plaintiff with the Tact Team, and he would sustain more injuries to the left.

41. Plaintiff then put on Seg jump suit and was escorted to his cell by Officer John Doe.

42. Plaintiff then informed Officer John Doe that he needed to speak with I.A. Little.

43. I.A. Little came and took Plaintiff to his Office and Plaintiff explained the events of this complaint. Plaintiff showed I.A. Little the injuries he sustained from the excessive force used by Officer Trone and Sgt. Burford.

44. Plaintiff informed Officer Little that he wanted to take pictures of his injuries so that he could have proof of them.

45. Officer Little refused to take pictures of Plaintiffs injuries in an attempt to protect his coworkers, stating "you know theirs a thing called necessary force".

46. What kind of necessary force do you need for someone with handcuffs on behind his back?

## False Disciplinary Charges

47. In an attempt to justify the use of force against Plaintiff, Plaintiff was written a false disciplinary report for 206 intimidation or threats, 215 disobeying a direct order essential to safety and security, and drugs and drug paraphernalia.

48. The disciplinary report doesn't state anything about Plaintiff threatening or intimidating anyone.

49. Plaintiff was also charged with disobeying a direct order essential to safety and security because his double cuff permit is being disregarded and is causing Plaintiff severe pain.

50. Plaintiff was then charged with drug and drug paraphernalia, stating they found a pen casing used as a smoking device that tested positive for synthetic cannabinoids.

51. There were two people who lived in cell R3B-37 at this time, so what makes them think it was Plaintiffs property. This pen casing was found in the cell, not on Plaintiff.

52. On March 28, 2023, Plaintiff and his cell mate was walked to restrictive housing.

53. On March 29, 2023, Plaintiff cell mate was released from restrictive housing and Plaintiff was brought the false disciplinary charges.

54. Plaintiff declared a hunger strike due to this denial of due process.

55. On March 30, 2023, Plaintiff saw the adjustment committee of Lt. Matherly & Officer Range and was found guilty of all charges.

## Due Process Violation

56. Plaintiff requests for witnesses were disregarded. Not only were they disregarded, the adjustment committee lied on summary stating, "no witnesses requested".

57. Had adjustment committee call Plaintiffs cell mate as a witness as Plaintiff requested, he would've taken his weight and informed the adjustment committee that the pen casing belonged to him.

58. When two people live in a cell and some contraband is found, both individuals are to be written a disciplinary report and whoever it belongs to takes his weight.

59. Lt. Matherly is the Lieutenant that walked me to restrictive housing, and he is also the Lieutenant on the adjustment committee.

60. Due to this Lieutenant who witnessed the incident being on the adjustment committee, the false charges were expunged off my record.

## Retaliation

61. On April 7, 2023, while on hunger strike, Grievance Officer Garza informed plaintiff that due to Lt. Matherly being the one walking me to restrictive housing, he should not have been on the adjustment committee and the disciplinary report is expunged.

62. Due to the excessive force used against plaintiff all being on camera, Garza said they were going to remove plaintiff from the facility and move him to a prison closer to family in Chicago.

63. Garza informed plaintiff that he would be housed in the orientation unit until transferred to keep plaintiff away from staff mentioned in events of this complaint, as to make sure plaintiff does not get in trouble.

64. For twenty days, plaintiff was housed in the orientation unit, unable to use the phone to call his family due to I.A. having plaintiff on some type of restriction. Every time plaintiff tried to use the phone, it said "you have used your calls for the month".

65. Plaintiff's disciplinary report was expunged and placed in A Grade so why is plaintiff phone calls being restricted?

66. On April 17, 2023, plaintiff received a call pass for Tele-psych stating he was on A Grade, but in temporary confinement when he clearly wasn't.

67. On April 20,2023, plaintiff received a call pass for Health Care Laboratory stating he was in A Grade, but it was in temporary confinement when he clearly wasn't.

68. On April 26,2023, plaintiff received a call pass for Nurse Practitioner stating he was in C Grade & in temporary confinement when he clearly wasn't. How did Plaintiff get on C Grade without getting a disciplinary report?

69. On April 27, 2023, Plaintiff received two call passes. One for tele psych at 8:00 am, then a call pass for zoom video court writ at 10:15 am that stated Plaintiff was in disciplinary SEG, and on C Grade when he was not.

70. On April 27, 2023, at approximately 1:45-2:00 pm, Plaintiff was walked to SEG by Lt. Cox * on investigative status for safety and security of the facility, per I.A. Lt. John Doe.

71. Why was Plaintiff placed on investigative status for safety and security of the facility?

72. I.A. Lt. John Doe placed Plaintiff in SEG under investigative status in retaliation for the events described in this complaint and because the disciplinary report was expunged.

73. Plaintiff has done nothing to be placed in SEG under investigative status.

74. This is something I.A. can do whenever they want to place an individual in SEG but have no reason to do so. They say investigative status for safety and security of the facility but don't really have a reason to put you in investigative status.

75. On April 29, 2023, Plaintiff was given a disciplinary transfer to Western, when he wasn't even in disciplinary.

76. This is why Plaintiffs call passes say he was in temporary confinement and disciplinary SEG, when he wasn't. I.A. put this in the computer as retaliation due to the events described in this complaint. They wanted Plaintiff to be given a disciplinary transfer to a disciplinary facility where he would be worse off than he was and taken further away from family.

77. Plaintiff was told that when he transferred, he would be released from SEG but was in SEG in Western for twelve days for no reason at all.

78. Plaintiff informed I.A. Officer Gasko at Western that he was not supposed to be in SEG and was told that I.A. Hill told him to keep Plaintiff in SEG. Why is that?

79. Plaintiff declared a hunger strike on April 30, 2023. Plaintiff informed John Doe Officers 1,2, and 3 of his declaring a hunger strike as well as John Doe Lieutenants 1,2, and 3 but no one documented plaintiffs hunger strike.

80. After continuing refusal of nine meals, the Warden, Britany Greene, nor a representative of her office, came to see what Plaintiffs grievance was about.

81. Plaintiff wrote an emergency grievance informing The Warden of the hunger strike, and to view the camera footage in restrictive housing to show he missed nine consecutive meals. Also to show that Officers John Doe 1,2, and 3, and Lieutenant John Doe refused to document Plaintiffs hunger strike.

82. Plaintiff still has not heard back from said emergency grievance and it's been over a year.

83. Plaintiff also wrote emergency grievance concerning him being in her facility in SEG when he was not supposed to be and has not gotten an answer to said grievance when it's been over a year.

84. After twelve days of being in SEG for no reason at all, Plaintiff was finally released.

## Claims for Relief

85. The actions of Sgt. Burford and Officer Trone using excessive force were done maliciously and sadistically without need or provocation & constituted cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution and as well as assault and battery.

86. The failure of Defendants Lt. Matherly, Officer John Doe, Nurse Lewis, Nurse Practitioner Kramer, I.A. Officer Little, and Major Ford to give Plaintiff medical attention, knowing he sustained injuries from the excessive force used by Sgt. Burford and Officer Trone constitutes deliberate indifference to Plaintiffs safety in violation of the 8th Amendment to the United States Constitution.

87. The actions of Officer Range and Lt. Matherly finding Plaintiff guilty of False Disciplinary reports without calling witness requested, denied Plaintiff due process of Law in violation of the 8th Amendment to the United States Constitution.

88. The actions of I.A. Lt. John Doe placing Plaintiff in SEG under investigative status without reason and giving Plaintiff SEG to SEG transfer that caused Plaintiff to be in SEG for twelve days without justifiable reason. Also denied Plaintiff due process of Law in violation of the 14th Amendment to the United States Constitution.

89. The actions of John Doe Officers, 1,2, and 3 as well as Lt. John Doe 1,2, and 3 for refusing to document Plaintiffs hunger strike, denied Plaintiff due process of Law in Violation of the 14th Amendment to the United States Constitution.

90. The actions of Warden Britne Greene and I.A. Officer Gasko for having Plaintiff in SEG for twelve days for no reason at all, denied Plaintiff de process of law in violation of the 14th Amendment of the United States Constitution.

91. The failure of Warden Brittany Greene for not answering emergency grievances in a timely manner, denied Plaintiff due process of law in violation of the 14th Amendment to the United States Constitution.

## Exhaustion of Remedies

92. The Plaintiff has exhausted some remedies, but due process of grievances not being answered is hindering Plaintiff from exhausting remedies and it has been over 1 year, and a half and Plaintiff still hasn't gotten a response to grievances written.

## Relief Requested

A. Issue Declaratory Judgment stating:

1. The physical abuse of Plaintiff by Defendants Sgt. Burford and Officer Trone violated Plaintiffs rights under the 8th Amendment to the United States Constitution and constituted assault and battery under State Law.

2. Defendants Lt. Matherly, Officer John Doe, I.A. Little, Major Ford, Nurse Lewis, Nurse Practitioner, and Warden Baker actions for failing to provide adequate medical care for Plaintiff was deliberate indifference to Plaintiffs serious medical needs and violated Plaintiffs rights under the 8th Amendment to the United States Constitution.

3. Defendant Officer Range & Lt. Matherly's actions when they found Plaintiff Guilty of Disciplinary Reports without calling witness, then lied stating Plaintiff requested no witness, denied plaintiff due process of Law in Violation of the Fourteenth Amendment to the United States Constitution.

4.  The actions of Defendants Sgt. Burford and Officer Trone for writing false disciplinary reports to try and justify the excessive force used against Plaintiff causing Plaintiff to go on Hunger Strike for nine days, depriving himself of food, violated Plaintiff rights under the Eight Amendment to the United States Constitution.

5.  The actions of I.A. Lt. John Doe and Warden Baker for giving Plaintiff a disciplinary transfer, in retaliation to the events described in complaint to a disciplinary facility worse off than he was and further away from his family for no reason at all when Plaintiff had no disciplinary actions against him. That had Plaintiff in SEG for twelve days for no reason, causing Plaintiff to go on Hunger Strike, missing nine meals, violated Plaintiffs Due Process of Law under the Fourteenth Amendment to the Unites States Constitution, and was cruel and unusual punishment in Violation of the Eighth Amendment to the United States Constitution.

6.  The actions of Defendants John Doe 1, 2, and 3, and Lt. John Doe 1, 2, and 3 for not documenting Plaintiff Hunger Strike and Warden Greene for not doing anything after Plaintiff informed her through emergency grievance violated Plaintiff Due Process of Law under the Fourteenth Amendment to the United States Constitution as well as cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

7.  The actions of Warden Greene and I.A. Gasko for having Plaintiff in SEG for twelve days for no reason is cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution. As well as denied Plaintiff Due Process of Law in Violation of the Fourteenth Amendment to the United States Constitution.

B. Issue an injunctive Relief Ordering Defendant Warden Britany Greene to: Transfer me to a facility of my choice, closer to my family.

C. Award Compensatory damages in the following amount:

1. $250,000 jointly and severally against defendants Sgt. Burford and Officer Trone for the excessive force used against Plaintiff with no justifiable reason causing permanent nerve damage to Plaintiffs rights hand and Plaintiff is right-handed.

2. $50,000 jointly and severally against Defendants Sgt. Burford and Officer Trone for writing Plaintiff a false disciplinary report causing Plaintiff to go to SEG and go on hunger strike for 9 days, and the emotional injury resulting from these false disciplinary reports.

3. $100,000 jointly and severally against Lt. Matherly, Officer John Doe, Nurse Lewis, Nurse Practitioner Kramer, I.A. Litle, and Major Ford for being deliberately indifferent to Plaintiffs serious medical needs, and not giving Plaintiff adequate medical treatment, trying to cover up the criminal acts of Sgt. Burford and Officer Trone.

4. $50,000 jointly and severally against John Doe Officers 1, 2, and 3, Lt. John Doe 1, 2, and 3 for not documenting Plaintiffs Hunger Strike, causing emotional injury from their denial of Due Process.

5. $100,000 jointly and severally against I.A. Lt. John Doe and Warden Baker for retaliating against Plaintiff, placing him on a disciplinary transfer to a disciplinary facility, causing him to be in SEG Twelve days for no reason at all. That caused Plaintiff to go on Hunger Strike and the emotional injury caused by the Due Process violation and all the pain and suffering Plaintiff has received since being in this disciplinary facility.

6. $20,000 jointly and severally against Defendants Warden Greene and I.A. Gasko for the emotional injury resulting from the denial

of Due Process by having Plaintiff in SEG in their facility for 12
days for no reason at all.

D.  Grant such other relief as it may appear that Plaintiff is entitled.


Jury Trial Demanded

Respectfully Submitted

Alan McCray #K52575
2500 Rt. 99 South
Mount Sterling, IL 62353

US POSTAGE WHITNEY BOWES

FIRST CLASS

ZIP 60603 $ 002.31⁰
02 4W
0000342110

United States Courthouse
600 East Monroe Street
Springfield, IL 62701