UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ALLEN MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4050 |
| | ) | |
| JAMAR RANGE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at Cook County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, while incarcerated at Hill Correctional Center, Defendant Oelberg ignored Plaintiff's double-cuffing permit and cuffed Plaintiff with a single set of handcuffs, causing severe pain in his shoulder. Plaintiff alleges that Defendant Burford stated, "Fuck your permit, get the fuck off this unit," when he told them about it. Plaintiff alleges that the cuffs were

so tight that they cut off circulation in his hands, caused swelling in his wrist, and resulted in permanent nerve damage. Plaintiff alleges that Defendants Burford and Trone used his head to open three glass doors on the walk out of the unit.

Plaintiff alleges that Defendant Matherly loosened the handcuffs and escorted Plaintiff past the medical unit without stopping. Plaintiff alleges that Defendant John Doe placed him in a holding cage and allowed him to speak with Defendant Lewis, a nurse, shortly thereafter. Plaintiff alleges that Defendant Lewis failed to properly document his injuries and failed to return when she said she would. Plaintiff alleges that Defendant Kramer refused to speak with him and told him to sign up for sick call. Plaintiff alleges that he was not seen in sick call until approximately eight days later. Plaintiff alleges that Defendant John Doe provided a chair when Plaintiff said he was dizzy. Plaintiff alleges that Defendant Ford failed to provide access to medical care, and that Defendant Little refused to take pictures of his injuries.

Plaintiff alleges that an unspecified officials issued him a false disciplinary ticket for which he received a hearing the next day. He alleges that Defendants Matherly and Range denied his request for witnesses, and that he was found guilty. He alleges that the charges were later expunged via the grievance process because Defendant Matherly should not have adjudicated these charges as a member of the Adjustment Committee.

Plaintiff alleges that officials housed him in the orientation unit for 20 days pending a transfer to another facility before serving 12 days in segregation while on investigative status. Plaintiff that he was not allowed to make phone calls and paperwork he received was inconsistent regarding his grade level and the privileges available to him. Plaintiff alleges that he was given a disciplinary transfer to Western Illinois Correctional Center for no reason.

Plaintiff alleges that officials at Western kept him in segregation, that he declared a

hunger strike, and that nobody documented it. Plaintiff alleges that officials at Western did not respond to his grievances.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Id.* (quotations omitted).

Plaintiff's allegations against officials at Hill and Western, respectively, present separate claims against different officials that require litigation in separate lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). The Court finds that these claims should be severed.

With regard to his allegations against Hill officials, Plaintiff states an Eighth Amendment claim for excessive force against Defendants Oelberg, Burford, and Trone. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Plaintiff allegations do not permit a plausible inference that his injuries were life-threatening, that he required immediate medical treatment, or that the short delay he experienced while awaiting Defendant Lewis' examination or the several days he waited for sick call was unreasonable. Plaintiff does not have a constitutional right for officials to document his injuries or in the preparation of medical records. Plaintiff also does not provide sufficient information to state a procedural due process claim or retaliation related to his disciplinary hearing or his housing situation prior to his transfer. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). The Court finds that Plaintiff does not state any further claims against Hill officials.

The Court states no opinion regarding Plaintiff's allegations against Western officials. If Plaintiff would like to pursue them, the Court will sever these claims and open a new lawsuit. Plaintiff is advised that if the Court opens a new lawsuit, he will be responsible for another $405.00 filing fee. Plaintiff shall advise the Court within the deadline set forth below as to whether he would like to open a new lawsuit. If Plaintiff does not respond, or indicates that he does not wish to pursue the claims against officials at Western, the Court will dismiss them without prejudice.

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for excessive force against Defendants Oelberg, Burford, and Trone. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that

defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Jamar Range, Tyrone Baker, Martin L. Matherly, John Doe, Jane Doe, Alica Lewis, Kramer, Little, Greene, John Does 1-3, John Doe I.A. Lt., Gasko, and Ford as defendants.

12. The clerk is directed to attempt service on Oelberg, Burford, and Trone pursuant to the standard procedures.

13. Plaintiff shall inform the Court within 21 days of this Order whether he would like to open a new case based on his allegations against Western Correctional Center officials.

Entered this 21st day of July, 2025.

                                          *s/Sara Darrow*
                                          SARA DARROW
                                        CHIEF U.S. DISTRICT JUDGE