E-FILED
Friday, 12 September, 2025  10:14:39 AM
Clerk, U.S. District Court, ILCD

**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| ALLEN McCRAY, K52575, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 25-cv-4050-SLD |
| | ) | |
| JAMAR RANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

NOW COME the Defendants, BLAZE BURFORD,   DYLAN TRONE, and RYAN OELBERG, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, and hereby provide their Answer and Affirmative Defenses to Plaintiff's Complaint [Doc.1], and this Court's Merit Review [Doc. 13], stating as follows:

Plaintiff alleges that, while incarcerated at Hill Correctional Center, Defendant Oelberg ignored Plaintiff's double-cuffing permit and cuffed Plaintiff with a single set of handcuffs, causing severe pain in his shoulder. Plaintiff alleges that Defendant Burford stated, "Fuck your permit, get the fuck off this unit," when he told them about it. Plaintiff alleges that the cuffs were so tight that they cut off circulation in his hands, caused swelling in his wrist, and resulted in permanent nerve damage. Plaintiff alleges that Defendants Burford and Trone used his head to open three glass doors on the walk out of the unit.

**ANSWER:  Defendant Oelberg denies he ignored that Plaintiff had a double cuffing permit and denies having any knowledge whether Plaintiff had a double cuffing permit. Defendant Burford denies saying to Plaintiff "Fuck your permit, get the fuck off this unit."**

**Defendant Burford and Oelberg deny that Plaintiff ever told them about any double cuffing permit.  Defendant Burford denies using Plaintiff's head to open any glass doors.  Defendant Tron denies using Plaintiff's head to open any glass doors.  Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in this paragraph which they have not admitted or denied herein.**

Plaintiff alleges that Defendant Matherly loosened the handcuffs and escorted Plaintiff past the medical unit without stopping. Plaintiff alleges that Defendant John Doe placed him in a holding cage and allowed him to speak with Defendant Lewis, a nurse, shortly thereafter.

**ANSWER:  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

Plaintiff alleges that Defendant Lewis failed to properly document his injuries and failed to return when she said she would. Plaintiff alleges that Defendant Kramer refused to speak with him and told him to sign up for sick call. Plaintiff alleges that he was not seen in sick call until approximately eight days later. Plaintiff alleges that Defendant John Doe provided a chair when Plaintiff said he was dizzy. Plaintiff alleges that Defendant Ford failed to provide access to medical care, and that Defendant Little refused to take pictures of his injuries.

**ANSWER:  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

Plaintiff alleges that an unspecified officials issued him a false disciplinary ticket for which he received a hearing the next day. He alleges that Defendants Matherly and Range denied his request for witnesses, and that he was found guilty. He alleges that the charges were later expunged

via the grievance process because Defendant Matherly should not have adjudicated these charges as a member of the Adjustment Committee.

**ANSWER:  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

Plaintiff alleges that officials housed him in the orientation unit for 20 days pending a transfer to another facility before serving 12 days in segregation while on investigative status. Plaintiff that he was not allowed to make phone calls and paperwork he received was inconsistent regarding his grade level and the privileges available to him. Plaintiff alleges that he was given a disciplinary transfer to Western Illinois Correctional Center for no reason.

**ANSWER:  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

Plaintiff alleges that officials at Western kept him in segregation, that he declared a hunger strike, and that nobody documented it. Plaintiff alleges that officials at Western did not respond to his grievances.

**ANSWER:  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

### RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to any relief.

### JURY DEMAND

Defendants demand a trial by jury in this matter on issues which may be tried before a jury.

**AFFIRMATIVE DEFENSES**

### 1. Qualified Immunity

At all times relevant to Plaintiff's claims, the Defendants charged herein acted in the good faith performance of their official duties without violating Plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Defendants are, therefore, protected from liability by the doctrine of qualified immunity.

### 2. Injunctive Relief Barred

To the extent Plaintiff is suing Defendants for declaratory relief or injunctive relief not intended to address ongoing violations, Plaintiff's requests for such relief are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act.

### 3. Failure to Exhaust Administrative Remedies

To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this case of action, Plaintiff's claims are barred by the Prison Litigation Reform Act. Plaintiff filed this lawsuit concerning prison conditions while in the custody of the Illinois Department of Corrections and failed to properly exhaust administrative remedies prior to filing his suit.  Plaintiff's suit is therefore barred by 42 U.S.C. 1997e(a).  Plaintiff admits in his complaint that he filed this lawsuit before receiving answers to some of his grievances.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Honorable Court enter judgment in her favor and against Plaintiff and deny and all relief requested by Plaintiff in this matter.

Respectfully submitted,

BLAZE BURFORD,  DYLAN TRONE, and RYAN OELBERG,

     Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

     Attorney for Defendants,

By:     s/Melinda Madison
       Melinda Madison, #6271310
       Assistant Attorney General
       500 South Second Street
       Springfield, Illinois 62701
       Telephone: (217) 785-4555
       Facsimile: (217) 782-8767
       E-Mail: Melinda.Madison@ilag.gov

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ALLEN MCCRAY, K52575, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 25-cv-4050-SLD |
| | ) | |
| JAMAR RANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

 I hereby certify that on September 12, 2025, the foregoing document, _Answer and Affirmative Defenses_, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

ALLEN MCCRAY, 20250424145
Cook County Jail
Individual In Custody Legal Mail
PO Box 89002
2700 South California
Chicago, IL 60608

By:    s/Melinda Madison
       Melinda Madison, #6271310
       Assistant Attorney General
       500 South Second Street
       Springfield, Illinois 62701
       Telephone: (217) 785-4555
       Facsimile: (217) 782-8767
       E-Mail: Melinda.Madison@ilag.gov