DEFENDANT'S EXHIBIT B E-FILED
Friday, 15 May, 2026 02:18:18 PM
Clerk, U.S. District Court, ILCD

**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

ALLEN McCRAY, K52575,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　Case No. 25-cv-4050-SLD
　　　　　　　　　　　　　　　　　)
JAMAR RANGE, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## DECLARATION OF BLAZE BURFORD

I, Blaze Burford, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am currently employed by the Illinois Department of Corrections ("IDOC"), as a Sergeant. My current duties involve, among other things, maintaining the custody and control of individuals in custody, diffusing dangerous situations, and providing assistance to other employees in restraining and directing individuals in custody.

2. Hill Correctional Center policy is that cells can be searched randomly at anytime for contraband.

3. Hill Correctional Center policy is that when a cell is to be searched the inmates are required to go to the front of the cell to be pat searched and wait outside the cell with an officer.

4. Hill Correctional Center policy is that when an individual informs the officers or sergeants that he has a double cuff permit, the officers or sergeants allow the individual to retrieve the permit before cuffing.

5. On March 26, 2023, a shakedown was ordered on Plaintiff McCray's cell.

6. A sergeant radioed for assistance during this shakedown. Officer Trone and I arrived to assist.

DEFENDANT'S EXHIBIT B

7. When we arrived, Sergeant Oelberg was conducting a pat down of Plaintiff McCray. Once he was finished, he instructed Officer Trone to escort McCray off the wing.

8. While Officer Trone was attempting to escort McCray off the wing, he stopped in front of the cell next to his own and dropped an unknown substance on the ground, attempting to kick the substance under the cell.

9. Plaintiff McCray then became noncompliant, refusing all orders to walk off the wing.

10. I then stepped in to assist Officer Trone in escorting Plaintiff McCray off the wing with the appropriate force necessary to maintain control and safety of the situation.

11. Once we were safely off the wing, we transferred control of McCray to a group of Lieutenants.

12. I used the appropriate amount of force necessary to maintain control of the situation when Plaintiff McCray became non-compliant with Officer Trone.

13. I do not recall Plaintiff McCray informing me that he had a double cuffing permit or complaining of pain due to the restraints.

Pursuant to 28 U.S.C. § 1746, I, Blaze Burford, declare, under penalty of perjury, that the foregoing facts and information are true and accurate to the best of my knowledge, information and belief.

Executed this _15_ day of ___MAY___, 2026.

Blaze Burford