DEFENDANT'S EXHIBIT D

**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

ALLEN McCRAY, K52575,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　Case No. 25-cv-4050-SLD
　　　　　　　　　　　　　　　　　)
JAMAR RANGE, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## DECLARATION OF RYAN OELBERG

I, Ryan Oelberg, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am currently employed by the Illinois Department of Corrections ("IDOC"), as a Lieutenant. At the time of the incident alleged in the Complaint, I was employed as a Sergeant. As a Sergeant my duties included, among other things, performing shakedowns of cells to search for contraband or other items that individuals in custody are not entitled to possess.

2. Hill Correctional Center policy is that cells can be searched randomly at any time for contraband.

3. Hill Correctional Center policy is that when a cell is to be searched the inmates are required to go to the front of the cell to be pat searched and wait outside the cell with an officer.

4. Hill Correctional Center policy is that when an individual informs the officers or sergeants that he has a double cuff permit, the officers or sergeants allow the individual to retrieve the permit before cuffing.

5. On March 26, 2023, a shakedown was ordered on Plaintiff McCray's cell.

6. Officer Chad Williams and I conducted the shakedown on Plaintiff McCray's cell.

DEFENDANT'S EXHIBIT D

7. The shakedown was announced before entering the cell, Plaintiff McCray and his cellmate were ordered to come to the front of the cell to submit to a pat down.

8. While patting down Plaintiff McCray, he reached for his left pocket of his shorts. I was unaware of what Plaintiff McCray was reaching for and had to control the situation. I deployed my OC spray from its holster and gave several verbal orders for him to cuff up. He resisted to be restrained. He proceeded to pull several pieces of folded paper out of his pocket and tossed them to the floor. He then attempted to kick these pieces of folded paper under the cell next to his own.

9. Officer Williams assisted me in placing restraints on Plaintiff McCray.

10. Additional staff were requested to assist escorting Plaintiff McCray and his cellmate off the wing.

11. Plaintiff McCray was escorted off the wing while continuing to resist the verbal orders of the staff.

12. I used the appropriate amount of force necessary to maintain control of the situation and diffuse any potential danger created by Plaintiff McCray reaching into his pocket during the pat down.

13. I do not recall Plaintiff McCray informing me that he had a double cuffing permit or complaining of pain due to the restraints.

Pursuant to 28 U.S.C. § 1746, I, Ryan Oelberg, declare, under penalty of perjury, that the foregoing facts and information are true and accurate to the best of my knowledge, information and belief.

Executed this __15__ day of __May_____, 2026.

_____
Ryan Oelberg